## Chicago City Ry. Co. v. Adam Mager.

1. INSTRUCTIONS—*Technical, Not a Reversible Error.*—To refuse to instruct the jury that in considering the evidence of the witnesses and determining what weight shall be attached to the same, they have the right to take into consideration whatever interest, if any appears from the evidence, such witness or witnesses may have in the result of the suit, is a technical but not a reversible error, where the point is not covered by other instructions given.

Action in Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed conditionally. Opinion filed November 22, 1899.

WM. J. HYNES and W. J. FERRY, attorneys for appellant; MASON B. STARRING, of counsel.

W. B. MOAK, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is an action to recover damages for personal injuries. Attorneys for appellant state very concisely what they claim, as follows:

"1.   That the verdict is not supported by the evidence.
" 2.   That the trial judge erred in his rulings on the instructions.
" 3   That the verdict is excessive."

First.   Upon an examination of the testimony we are not able to say that it is so clear and convincing that fair-minded persons might not honestly differ upon the questions of whether the appellee failed to exercise ordinary care and whether the motoneer of appellant was guilty of negligence. It is not for us to say whether we should have arrived at the same conclusion that the jury did. But the verdict is not so clearly against the weight of evidence as to warrant this court in setting it aside.

Second.   As to the instructions: Attorneys for appel-

lant asked the court to give twenty-six instructions. Of those the court gave twenty as asked, modified one and gave it as modified, and refused five. The court also gave one instruction prepared by the trial judge, and two asked by appellee. There was a sufficient number of instructions to confuse an ordinary jury. It is difficult to conceive a case where all the rules of law necessary to aid a jury in arriving at a just verdict might not be stated in much less space. The recent practice in this class of cases seems to be on the part of the plaintiff to ask no instructions whatever, because of the fear that some error may creep in, and on the part of the defendant to ask a great number of instructions in the hope that some error may occur in modifying or refusing them.

The 23d instruction asked by appellant is as follows:

"The jury are instructed that in considering the evidence of the witnesses in this case, and determining what weight shall be attached to the same, they have the right to take into consideration whatever interest, if any appears from the evidence, such witness or witnesses may have in the result of the suit."

That instruction the court refused to give. The point presented by it is not covered by any of the instructions which were given. It is quoted in full in appellant's brief and printed there in italics, and the objections thereto urged. In the brief for appellee this instruction is not mentioned or referred to. Whether the attorney for appellee meant thus to concede that it should have been given, we do not assume to say. That instruction is correct and the refusal to give it was technically an error.

As to the other instructions there was no substantial error under the facts and circumstances of this case.

Third. Was the verdict excessive? We think it was. No good purpose will be served by an extended review of the testimony upon this question. It would not be a precedent to guide in the trial of other cases. We therefore simply express our conclusion.

The testimony of some of the witnesses is incredible. How far the jury might have been affected by said 23d

instruction, if it had been given, can not be determined. As stated, said 23d instruction should have been given. But the refusal to give it is not such an error as will justify a reversal of the judgment in case a remittitur is entered as here indicated.

If the appellant shall within ten days formally remit the sum of $1,000 the judgment of the Circuit Court will be affirmed; otherwise that judgment will be reversed and the cause remanded. Affirmed if remittitur made; if not, reversed and remanded.